Andrew J. Guzzo (HI-SBN 010586)
KELLY GUZZO, PLC
7 Waterfront Plaza
500 Ala Moana Blvd., Suite 7400
Honolulu, HI 96813
Telephone: 808-664-4651
Email: aguzzo@kellyguzzo.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAMOREA CLAY, | ) Case No.: 1:25-cv-167 |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| v. | ) **JURY TRIAL** |
| CHECKR, INC., | ) |
| Defendant. | ) |

## COMPLAINT

Comes now Plaintiff, Damorea Clay, by counsel, and for his Complaint against the Defendant Checkr, Inc., ("Checkr"), he alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages, costs, and attorney's fees brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

2. In July 2024, Checkr falsely reported to Uber that Plaintiff's driver's license was suspended. As a result, Uber revoked Plaintiff's account, resulting in thousands of dollars of damages per month.

3. Shortly after Uber revoked Plaintiff's account, Plaintiff disputed the inaccurate information with Checkr, including through letters in August and September 2024.

4. For example, in his September 2024 letter, Plaintiff explained that Checkr's reporting "was entirely inaccurate" as evidenced by an enclosed certificate from the Department of Customer Services, City and County of Honolulu, Division of Motor Vehicles. This letter further explained that the certificate "confirms that I have no outstanding violations, no suspension on file, and no revocation on file. It also shows that my license is valid until June 2031."

5. In response to this and other disputes, Checkr did not conduct a reasonable investigation. Instead, Checkr sent messages to Plaintiff indicating that it "completed" its "reinvestigation of the disputed information" and "determined that the information originally reported is accurate and complete and have advised the furnisher of the disputed information."

6. Checkr's inaccurate reporting—and Plaintiff's inability to drive for Uber—could have been easily avoided if Checkr conducted a reasonable investigation of Plaintiff's disputes, including a simple review of the official

certificate from Department of Customer Services, City and County of Honolulu, Division of Motor Vehicles.

7. Thus, Plaintiff alleges claims against Checkr for failing to reasonably ensure the maximum possible accuracy of his consumer reports in violation of § 1681e(b), and for failing to fulfill its reinvestigation duties in violation of § 1681i.

## JURISDICTION

8. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. §1331.

## PARTIES

9. Plaintiff, Damorea Clay ("Plaintiff"), is a natural person residing in the State of Hawai'i.

10. Defendant Checkr, Inc. ("Checkr") is a foreign corporation doing business in Hawai'i with a principal place of business in San Francisco, California. Checkr is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d).

## FACTUAL ALLEGATIONS

11. On or around July 2024, Plaintiff was working as an Uber driver and earning thousands of dollars each month.

12. Uber requires those driving for its platform to pass an initial background check and as well as periodic background checks.

13. In July 2024, Uber ordered a background check on Plaintiff from Checkr.

14. Shortly thereafter, Checkr published a consumer report on Plaintiff that included grossly inaccurate information indicating that his "license status" was "not found."

15. Checkr published this inaccurate information even though Plaintiff previously provided a copy of his driver's license from Hawai'i (including his driver's license number), as well as other personal identifying information.

16. Because of Checkr's inaccurate reporting, Uber revoked Plaintiff's account in July 2024.

17. At first, Plaintiff attempted to contact Uber to correct the error, but Uber instructed him that the reporting needed to be corrected with Checkr.

18. Thus, Plaintiff disputed the inaccurate reporting directly with Checkr.

19. As part of this dispute, Plaintiff submitted a certificate from the Department of Customer Services, City and County of Honolulu, Division of Motor Vehicles (attached as Exhibit 1).

20. As reflected by the certificate, Plaintiff had an active driver's license valid until July 2031. The certificate further showed that Plaintiff had no outstanding violations, no suspension on file, and no revocation on file.

21. On September 4, 2024, Plaintiff received a message from Checkr indicating that it "completed" its "reinvestigation of the disputed information" and "determined that the information originally reported is accurate and complete and have advised the furnisher of the disputed information."

22. On or around September 11, 2024, Plaintiff sent a follow-up letter to Checkr. In this letter, Plaintiff explained that Uber revoked his driving privilege because Checkr furnished the inaccurate information. Plaintiff further explained that Checkr's actions were causing him significant damages.

23. Once again, Plaintiff enclosed proof in the form of a certificate from the Department of Customer Services, City and County of Honolulu, Division of Motor Vehicles. Plaintiff's letter further explained that Checkr's prior investigation was erroneous, and his license was valid.

24. Checkr failed to reasonably investigate the follow-up dispute letter and, thus, Plaintiff's status with Uber remained revoked.

25. Upon information and belief, Checkr only performed a perfunctory review of Plaintiff's dispute and, among other things, Checkr only did a cursory review of the certification (which objectively proved it was furnishing inaccurate

information about Plaintiff). If Checkr performed a reasonable investigation, it would and should have changed the inaccurate information about Plaintiff as it had objective proof that the reported information was inaccurate.

26. Plaintiff's disputes also included his contact information and stated that he was available to supply further information, if necessary, but Checkr never attempted to contact Plaintiff as part of any investigation.

27. Additionally, upon information and belief, no employee from Checker attempted to contact the Department of Customer Services, City and County of Honolulu, Division of Motor Vehicles.

28. Upon information and belief, Checkr does not conduct a thorough or meaningful investigation of consumer disputes and, instead, it merely parrots the information already in its system from its vendor.

29. Upon information and belief, Checkr uses low-cost investigation policies and does not intend to change its dispute-processing procedures because doing so would drastically increase its operating expenses.

**COUNT ONE:**
**Violation of 15 U.S.C. § 1681i**

30. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

31. Checkr violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the

disputed information was inaccurate and delete the disputed information from Plaintiff's consumer report in violation of § 1681i(a)(1); (2) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (3) failing to promptly delete the disputed inaccurate item of information from Plaintiff's consumer report upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) failing to promptly delete the disputed, inaccurate information from Plaintiff's consumer report in violation of §1681i(a)(5)(A).

32. Because Checkr violated 15 U.S.C. §1681i, Plaintiff suffered actual damages, including but not limited to: decreased earnings for multiple months, stress, anxiety, and emotional distress.

33. Checkr's violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court under 15 U.S.C. § 1681n. In the alternative, Checkr was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

34. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Checkr in an amount to be determined by the Court under 15 U.S.C. §§ 1681n and 1681o.

## COUNT TWO:
### Violation of 15 U.S.C. § 1681e(b)

35. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

36. Checkr violated 15 U.S.C. §1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer report and consumer files it published and maintained, including but not limited to by publishing consumer reports to Uber indicating that Plaintiff did not have a valid driver's license.

37. As a result of Checkr's violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to: decreased earnings for multiple months, stress, anxiety, and emotional distress.

38. Checkr's violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court under 15 U.S.C. § 1681n. In the alternative, Checkr was negligent, entitling Plaintiff to recovery under 15 U.S.C. §1681o.

39. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Checkr in an amount to be determined by the Court under 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendant, jointly and severally; for his attorneys' fees and costs;

for prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems proper.

       **TRIAL BY JURY IS DEMANDED.**

                                      Respectfully Submitted,
                                      **DAMOREA CLAY**

                                      By: */s/ Andrew J. Guzzo*
                                                  Counsel

Andrew J. Guzzo (HI-SBN 010586)
KELLY GUZZO, PLC
7 Waterfront Plaza
500 Ala Moana Blvd., Suite 7400
Honolulu, HI 96813
Telephone: 808-664-4651
Email: aguzzo@kellyguzzo.com
*Counsel for Plaintiff*